Judge Mills
delivered the opinion.
ri his is a motion to quash a sheriff’s sale and the bond taken in pursuance thereof, made by the plaintiff in the execution. The grounds set up may be reduced to the following:
1st. That there was fraud and collusion between the sheriff and purchasers, the sheriff being interested, or designing to favor the purchaser. — And
Sndly. That the sale being at one year’s credit, was unconstitutional and void.
We concur with the court below in believing the evidence insufficient to prove any collusion in the sale. The sheriff appears to have complied with the law in making the sale public. He urged others to bid, both publicly and privately. The sale continued near three quarters an hour. A bidder who appeared, professing himself to be the agent of the plaintiff, had once or twice declared he would bid no more, and told the sheriff' to strike it off to the purchaser, which be did. Another, who acted as the provisional agent of the plaintiff, complained that it was cried off too low. The sheriff declared be would again set it up, but the purchaser objected ; and after the sheriff bad conversed with the purchaser, in private, he declined setting up the land again. We cannot infer, from this private interview, that there was collusion, especially as the testimony is utterly silent as to any improper communication between them. There is then left only inadequacy of price, from which unfairness can be inferred, which is a circumstance, per se, not sufficient to warrant the presumption of fraud under the circumstances of this.case.
As to the second point, we admit that an individual, whose rights are prejudiced by the operation of a law conflicting with the constitution, has a right to demand the judiciary a decision on the validity of the law, and no court, however delicate the task may be, is warranted in shrinking from the disagreeable duty. But such individual ought to shew that his constitutional rights were infringed without his consent, and ought not to jeopardize his rights voluntarily, by attempting to proceed under a law, and take the benefit of it so far as to delude others into the dilemma, and then turn around and complain of constitutional injuries. Here the plaintiff in the execution, through the *516 instrumentality ot his son, procured one agent to attend the sale, and then, out of abundant cautian, provided a second to attend, lest the first might fail to be there. We are a-vvare that this agency has been contested on the trial. It is certain that his son employed the agents — and no reason* able doubt can remain that tbe father authorised him so to do. For the same agent purchased for the plaintiff other tracts of land under tbe same execution, which he does not refuse to take the benefit of, and on the face of his notice of this motion, he recognises that agency, and complains that his agent was not attended te Besides, he had authorised this agent to proclaim to the bidders that the lands already equitably belonged to him, by a prior purchase under a sheriff’s sale. But the sheriff who made that sale had removed, without making him a title, and be resorted to this method to acquire the legal estate. Thus this sale was to be accounted, in tbe eyes of others, not as a reality, but as a proceeding for the exclusive benefit of the plaintiff Others are warned not to interfere. And as they did so. and became purchasers, he now claims the right to withdraw the authority. It does not appear in this record, that this tale of a prior purchase was true; so that but one inference can be drawn from the circulation of tbe story: —The plaintiff intended by the proceeding to get the land himself, be it constitutional or not, and as he missed that object he now complains. Add to this, that his agent actually attended arid entered into full competition with other bidders — Then, with apparent artifice, declined bidding once or twice, and afterwards recommenced bidding, and at last directed the land to be cried off to the purchaser, which was done. It was then, and not before, that his second and provisional agent, began to complain, and it is an after thought in the plaintiff, that his constitutional rights are impaired. In this case the instruction of the plaintiff is apparent, that tbe sale should be executed under tbe law, which he now pronounces invalid — and be carried that intention as far as be could, except that of becoming the purchaser. And as be missed tbe purchase, through his agent, by whose acts he must be bound, he is estopped to say that the pioceedings were unconstitutional. If the constitution was in his favor, it was competent for him to waive the privileges or benefit secured by it. That he did so, is farther evinced by his execulion being endorsed with a willingness to accept paper, as the very law directs, against *517 which he opposes the constitution. A still further difficulty exists io the road of redress, for the plaintiff, even if it be conceded that he has a right, now to rely on the constitution. His execution appears to be an original one, upon a decree in chauccry. Dut we are not favored with a sight of that decree, nor can we ascertain its date. We are left to conjecture whether it is founded on contract or tort; such as damages for injuries to soil, or waste of timber, which the chancellor, after proper assessment, will sometimes decree. Indeed we have ro further evidence of the existence of a decree, except what the face of the execution contains. Under such circumstances tve should act as mere volunteers, if we should travel into and decide the constitutional question, which he has attempted to raise, for the purpose of avoiding a sale, made and completed by his own procurement We therefore conceive that the court erred in sustaining this last point, and vacating the sale and sale bond, and the decision must be reversed with costs, and directions to the court below to overrule the motion with costs in that court.