Judge Mills
delivered the Opinion of the Court.
The defendant in error obtained a joint judgment against the plaintiffs in ati action of debt, and on an execution of fieri facias, the sheriff returned that it was levied, and delivery bond taken and forfeited, or not complied with at the day of sale. On this bond, the defendant in error obtained a judgment on notice and motion, against the. security alone, omitting the principáis, who are the plaintiffs in error, and then again resorted to his origina! judgment, disregarding the delivery bond, and issu”d a second execution thereon.
The plainüífs in error then moved to set aside this last execution on the judgment, relying or the ground that the. delivery bond was a discharge of the original judgment, and that the defendant in error could not treat the delivery bond as a nullity, especially after ho had proceeded to judgment thereon against the surety. The court overruled that motion, and to reverse that decision, the writ of error is prosecuted.
Before the late derangement of our oxecnlinn system by numerous legislative provisions, the defendant generally in an cr'gina! execution, could give a *425 delivery bond, whirl) if not complied with, bad the force of a judgment like a replevin bond, and thereon the plaintiff could, ruithout motion, issue execution on which no security could be taken. A return of such bonds has. by a coternperaneous construction, been considered as discharging or extinguishing the original judgment, so that the owner of the judgment could nót resórt to the judgment until tlib bond was quashed or set asid?.
So is tb.o effect of.the delivery bonds, under the act of’41, at least to the extent of the judgment iceovered upon, tlmm by tho motion as prescribed.
Query, as to the. constitutionality of the aot of ’21 as to delivery bonds. — .
iBut-*Üio j.iainíiíi' mo.os opon :hc delivery bond and obUriin-.ji jndi;ipeng he can* nor. n.fi.31v\ ¡irds < Mi c:í•flon ího oon.ílHtiüoneJity of its law, -mrl resort fo hi-j original judgment.
*425 Tin's practice was changed by an act passed on the 21st day of December, in the year 1821, directing a notice and motion to he made before ari execution can be obtained on the delivery bond, and that for no more than the property seized by the first fieri facías is worth in the estimation of the sheriff, and after that estimate is proved and disproved by the parties, on a tidal for that purpose. Mhat will become of the original judgment, if the property contained in the delivery bond falls short of its amount, is not told in the act. Whether no further execution can issue thereon, "or whether the judgment obtained on the delivery bond is a satisfaction pro tanto, and the plaintiff may ¡save recourse to the original judgment fur the residue, is a question we need not solve in this case. For if the first was the intention of the legislature, then the plaintiff below could not go back as he has attempted to do, consistent!^ with the provisions of the act. If the latter be the legislative sense, the plaintiff below, now defendant in error, has obtained judgment on the delivery bond against the surely, for the full amount of his original judgment, and therefore the whole first, judgment is substituted by the second, an,d we concur in the common opinion that the intention of the legislature was, to forbid a recurrence to the original judgment, till the delivery bond is disposed of.
But itis contended earnestly, that this act relative to delivery bonds, and the consequent delay and risk of notice and motion, is unconstitutional and void, a.nd of course the defendant in error was authorized to treat the delivery bond as a nullity, and resort again to his judgment, it must he confessed, that this act has the- principle of delay in it, *426 ubd it is easy fo conceive, (hat a delivery bond for the whole amount, possessing from its origin -per sc, the force of a judgment may be more valuable than one for aw uncertain amount, to be relitigated in eoiu’-i by notice and motion, which is a quasi cult. But there is no necessity imposed upon us to decide upon the constitutionality of this law, in favor »f this defendant in error. For if,k for the sake of argument, it be conceded that the act is unconstitutional, he had his election to reject (he bond when if was returned, and after disposing of the sheriff's return, to issue anew execution on the judgment, or lie might waste his constitutional-privilege and enforce the bond, if iic had chosen the former course, he might have imposed upon us the disagreeable necessity of deciding whether this act is or is not unconstitutional. But lie lias chosen the latter, and enforced the bond against the surety by a judgment, and he cannot now be permitted to turn back and make Ibe first questions but must bo held to his choice, as was held by this court in the case of Hansford et. al. vs. Barbour, 3 Marsh. 515.
Gaperian for plaiutifisj Turner for defendant.
The judgment overruling the motion must, therefore, be reversed with costs, and the cause be remanded, with directions to the court boiowq to quash ihe execution with costs.