Judge Mills
delivered the opinion of the Court.
To quash a bond given to secure, in two annual instalments, the value of improvements assessed in favor of Carroll, as an occupant, evicted under the act concerning occupying claimants of 1812; — an execution issued on^that bona;— a replevin bond taken thereon, at a credit of two years; — and an execution on this latter bond; — the appellants issued their writ of error coram vobis, which was decided against them in the court below, and they have appealed. The points relied on here, are the same made in the court below, and. are as follows:
1. The act under which the proceedings were had by the appointment of commissioners, and all the proceedings thereupon, are erroneous, because said act of the Legislature of Kentucky, is contrary to the compact with Virginia, and in violation of (he constitution of the United States, the appellants here holding title by grant before the compact.
Occupanllavf ofliH2is cnixstitxxtional.
One bond only is required' for the two instalments —and— —Execution on such bond ought to be for the penalty, -with an-endorsement, that it may be discharged by the payment of the instalments due, statingIhcm.
3. One bond was given for the two instalments, when regularly two separate bonds, one for each instalment, with interest, should have been executed by the successful claimants.
3. But one execution lias issued for the amount' oí said instalments, when two distinct and separate executions should have issued for each, instalment.
4. The replevin bond under said execution is erroneous and void; the act of Kentucky, authorizing and directing a replevy of two years, being contrary to the constitution of Kentucky, and in violation of the constitution of the United States, and. therefore' void-
As to the first point, it was held in Fowler vs. Halbert, 4 Bibb 52, that the occupying claimant law of 1812, is constitutional. Claims under it have been enforced ever since, in cases too numerous to-be quoted. This decision is adhered to expressly, in Bodley vs. Gaither, fall term, 1825, 3 Monroe 578, and at the present term in Saunders’ heirs vs. Norton, 4 Monroe so that the point in this court is at rest, and cannot be again made a question.
On the second error assigned: the act expressly speaks of hut one bond, to secure the whole amount of improvements due to one occupant, conditioned to pay the real sum due to the occupant, in two annual instalments, so that two. bonds would have been improper, and contrary to the statute.
Whether two executions instead of one should be issued, admits of a solution equally easy. The execution ought, and in this instance did issue, for the penalty of the bond. When but one instalment is due, it ought to be endorsed, that it is to be discharged by that instalment and the costs. Both instalments had become dué before this execution was issued, and as it was for the penalty, the endorsement was properly made, that it could only be discharged by the collection of both instalments, otherwise, one instalment must have been lost, or the obligee would have been driven to the absurdity *98 of two executions, for the same penalty, at the same moment.
Ai?ts wl,ncl1 _ plevYn of1 two years are unn.l^to'alí11" contracts made before their passage.
But the debt- or availing himself of the benefit of the laws, cannot assert their invalidity.
Bonds for imi provements the sureties only, cannot be quashed tion; but may bn the motion of the obligee, g'nimdiii the Circuit court,
Hoggin, for appellant; Woodson, for appellee.
On the fourth point, it has been decided by this court, in the case of Blair &c. vs. Williams, 4 Litt. Rep. 34. and Lapsley &c. vs. Brashear &c. ibid. 47, that the acts which authorized a replevin of two years> s<* least as they operate on contracts made before their passage, were unconstitutional and void. These decisions, we still approve, and SUpp0se they are founded on principles which .cannot be subverted, and to be sustained by reasons which cannot be refuted.
But it lias also been held in the case of Hansford et al. vs. Barbour, 3 Marsh. 515, and by numerous other cases, that he who takes advantage of these acts, by giving a replevin bond, and availing himself of that delay, cannot complain of the want of constitutionality in the acts, because he had no interest affected or constitutional fight violated; and that his adversary alone, has grounds of complaint. To permit him to vitiate a replevin bond on this ground, when his adversary is willing to abide by it; would be allowing him to avail himself of his own wrong, and in this attitude the appellants here stand.
It has bee‘rt urged in argument here, that this bond for improvemehts is invalid, because it was exccute(p py the sureties alone, and not by the successful claimant, who ought to have given it according to the law. To this we answer, that this point does' not geem to have been made in the court below, whose decision we are revising, and i! it had been, it might have been a good reason in the mouth of the appellee, why he should not be compelled to receiye or r°ly upon the bond; but it cannot he a reason why it should not be obligatory on those who have executed it.
Upon the whole, there is no error in the judgment of the court below, and it must be affirmed with costs.