CHANDLER *et als.* v. THE STATE.

1. TAX COLLECTOR. *Securities. Liability.* The act of 24th March, 1875, extending to tax-payers further time for the payment of taxes for the year 1874, and providing that sureties upon bonds previously executed should appear in the County Court and acknowledge their willingness to remain bound as securities, otherwise a new bond should be taken, does not in any manner change the duties of the tax collector as to the taxes of 1875. The securities upon a bond executed in 1874 for the entire term of office, will be held liable for the default of the collector for the taxes of 1875, though they failed to acknowledge their willingness to remain bound, as required by said act, and a new bond was taken for the taxes of 1874.

2. SAME. *Same. Liability for dog tax and penalties collected.* The collector and his securities are liable for the "dog tax" collected, though the law imposing it be unconstitutional; and for penalties collected, though the act imposing the penalties is repealed.

FROM BLOUNT.

Appeal in error from the Circuit Court of Blount county. E. T. HALL, J.

McGINLEY and HOOD & ROWAN for Chandler et als.

ATTORNEY GENERAL LEA for the State.

McFARLAND, J., delivered the opinion of the court.

This is a motion against R. P. Chandler and his securities for balances of State revenue for the year 1875, upon a bond executed by him and said securities upon his induction into the office of revenue collector for Blount county for the term of two years from the 1st of September, 1874. The bond in terms covers the entire term.

Chandler *v.* The State.

The first defense relied upon for the securities is the act of the Legislature, approved March 24, 1875, extending to the tax-payers further time for the payment of the taxes for the year 1874, and providing that securities upon bonds previously executed should appear in the County Court and acknowledge their willingness to remain bound as securities, otherwise a new bond should be taken. The securities in this case did not comply with this provision of the act, and a new bond for the taxes of 1874 was taken. But we do not see that this in any manner affects the question of the collector's liability for the taxes of 1875, for which this motion is made. The act referred to does not change the collector's duties as to the taxes of 1875, or in any manner refer thereto; and conceding that, by their failure to comply with this act, and by the execution of a new bond for the taxes of 1874, the present sureties were released from liability for the taxes of that year, still their liability for the taxes of 1875 remains as before.

It is next objected, that in the judgment rendered by the Circuit Judge is included $540 penalties charged against the tax-payers by the 57th section of the act of 1873, ch. 118, for failing to pay in time, which section was, it is claimed, repealed by the 3d section of the act of March 25, 1875, before referred to; and, also, the judgment includes a large sum of taxes assessed on dogs and bitches under an act which this court has declared unconstitutional, and therefore the collector and his securities should not be held liable for these sums.

Chandler *v.* The State.

If the penalties prescribed by the act of 1873 were repealed by the act of 1875, the collector would not be liable for failing to collect such penalties as he would be for failing to collect taxes lawfully assessed. If, however, he actually collected the penalties, he and his securities are estopped to deny the validity of the collection, and he cannot refuse to pay over the money: Code, sec. 774; *McLean's case,* 8 Heis. The collector, by the 57th section of the act of 1873, was required to report the penalties to the Chairman of the County Court, and an abstract of this report was to be furnished to the Comptroller. It is upon this that the Comptroller makes his statement and charges the collector with the amount; so that it is upon his own report of the penalties collected that he is charged with the same, as there would be no other mode of charging him. And from this it results that, according to the collector's own showing, he has collected the sum as penalties, and whether they were lawful or not, he must account and pay over the money thus collected. As to the dog tax, the same principles apply. Inasmuch as the law has been declared unconstitutional, the collector and his securities would not be liable for his failure to collect these taxes. If, however, the collections were actually made without protest from the taxpayers, the collector and his securities must pay it (the money) over to the State.

The Comptroller's statement of the collector's account and the balance due the State is made *prima facie* evidence, and, in the absence of other evidence,

the court is required to render judgment for this amount; and in the absence of any statement by the Comptroller, or rather, when no statement can be made, the court renders judgment for the penalty of the bond, and the defendant may have an issue made to prove the amount due, and have judgment rendered for the amount: Code, secs. 733, 734, 735.

The Comptroller's statement of the balance claimed was produced in this case. The defendant offered no countervailing testimony, except the original tax aggregate, which shows that the "dog tax" was included. Now, assuming that this was charged against him by the Comptroller, and formed a part of the account upon which the balance was found, still the statute makes the statement of the Comptroller *prima facie* evidence of the amount due. If, in fact, the "dog tax" was not collected, it was a matter of proof resting peculiarly with the defendant. In the absence of such proof, we must take the statement of the balance due as correct, by the positive terms of the statute. The defendant might have been relieved of this part of the charge against him by proving that the collections were not made. The State is not required to prove that the money was collected; this would be impracticable.

Affirm the judgment.