## Gross v. The Board of Commissioners of Whitley County.

[No. 19,575.    Filed May 22, 1902.]

Fees and Salaries.—*Erroneous Decision of Supreme Court, Effect on Salary of Officers Until Reversed.*,—The decision in *State, ex ,rel.,* v. *Boice,* 140 Ind. 506, holding the county fee and salary act of 1891 unconstitutional, which was afterwards overruled by *Walsh* v. *State, ex rel.,* 142 Ind. 357, did not operate to give county officers a right to charge and collect fees under the fee and salary act of 1879 during the time it remained unreversed; since the rule that contract rights acquired under an interpretation of the law made by the Supreme Court are not devested by a subsequent decision to the contrary does not apply to the claims of public officers to fees or salaries established by law. *pp. 533-536.*

Counties.—*Claim.—Allowance.*—The allowance of a claim by the board of commissioners is not a judicial determination of its validity and is not binding upon the county. *p. 536.*

From Wabash Circuit Court; *H. B. Shively,* Judge.

Action by the Board of Commissioners of Whitley county against John Gross, a former county treasurer, to recover fees alleged to have been illegally paid to him by the county. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellant.

*F. J. Heller* and *B. E. Gates,* for appellee.

Dowling, J.—Appellant was elected treasurer of Whitley county, at the general election held in November, 1890, and was reëlected to that office at the November election, 1892, serving two full terms. He was allowed and paid his salary of $1,800 per year as fixed by the act of 1891. After the expiration of his second term, he filed with the board of commissioners of said county a claim for $2,360.31, which he demanded in addition to the $3,600 he had received, on the

ground that he was entitled to compensation under the fee and salary law of 1879. The board allowed and paid the claim out of county funds. This suit was brought to recover the sum so paid. The complaint was in three paragraphs, the first of which alleges that the appellant was in November, 1892, duly elected treasurer of said county; that he served as such treasurer from December 1, 1892, until December 1, 1894; that his salary as fixed by the act of 1891 was $1,800 per year, payable quarterly; that at the end of each quarter year, during his said term, he filed his bill for his said salary, which was allowed and paid to him; that, as such salary for said two years, he received $3,600; that at the expiration of his said term he made his final settlement, and turned over to his successor all cash, papers, books, etc., belonging to his said office; that after such final settlement he filed with the board of commissioners of said county a claim for $2,360.31 for a pretended balance due him on account of commissions on current and delinquent taxes collected by him during the years 1893 and 1894, and paid over by him; that said illegal claim was allowed and paid by said board out of the funds of said county; that appellant was justly indebted to said county for the sum so wrongfully paid to him, etc. The second paragraph is substantially the same as the first, except that it avers that appellant, in addition to the salary allowed him by the statute, illegally taxed, against the county, fees not authorized by law to the amount of $2,360.31, which were allowed and paid to him upon the order of the board. The third paragraph contains the same allegations as the first and second, but, with more particularity, charges that appellant collected, during the two years he was treasurer, $350,-773.42 on account of current and delinquent taxes; that he unlawfully charged the county one per cent. on the first $100,000 so collected, and one-half of one per cent. on the excess over $100,000, in addition to his salary of $1,800 per year; that his salary was regularly demanded by him,

and was paid to him, but that the board of commissioners wrongfully and illegally allowed and paid to him the sum of $2,448.81 upon said illegal and unauthorized claim, the repayment of which has been demanded, etc.

The venue of the cause was changed to Huntington county, and subsequently to Wabash county. Demurrers to the several paragraphs of the complaint were filed and overruled. The appellant filed an answer in four paragraphs,—the first being a denial,—and also his cross-complaint in two paragraphs. Appellee demurred to the second, third, and fourth paragraphs of the answer, and to the first and second paragraphs of the cross-complaint. These demurrers were sustained. The appellant thereupon withdrew his answer in denial, and, refusing to plead further, judgment was rendered against him. The errors assigned and not waived by failure to discuss them are the rulings upon the demurrers to the answers and cross-complaint.

While the answers and cross-complaint are of great length, the legal effect of each of them may be stated in a few words. They assert that the appellant was entitled to compensation under the act of 1879; that by the decision of the Supreme Court of Indiana in *State, ex rel.,* v. *Boice,* 140 Ind. 506, the act of 1891 was declared invalid; and that, while this decision stood, the appellant had the right to claim compensation under the act of 1879; that the act of 1893, amending the act of 1891 and supplying its defects, caused the act of 1891 to operate prospectively only, and that, until the act of 1893 took effect, appellant had the right to charge and collect fees under the act of 1879; that as a consequence of the decision in *State, ex rel.,* v. *Boice,* holding the act of 1891 invalid, the appellant had a contractual right to compensation under the act of 1879 which could not be devested by a subsequent decision of this court declaring that statute constitutional; that appellant contributed to the expenses of the suit in *State, ex rel.,* v. *Boice, supra,* and thereby made himself a party, and became entitled

to the benefit of the decision sustaining the claim of the county treasurer to fees under the act of 1879; and that the appellant having been enjoined from collecting $1,600 of taxes assessed against railroad property during his first term, and having collected such taxes during his second term, he was entitled to fees for making such collection under the act of 1879.

Neither the answers nor the cross-complaint stated facts sufficient to sustain the claim of the appellant to fees under the act of 1879. The act of 1891 was constitutional, and it repealed the fee and salary law of 1879. *Walsh* v. *State, ex rel.,* 142 Ind. 357, 33 L. R. A. 392; *Legler* v. *Paine,* 147 Ind. 181; *Harmon* v. *Board, etc.,* 153 Ind. 68; *Board, etc.,* v. *Heaston,* 144 Ind. 583, 55 Am. St. 192; *Henderson* v. *State, ex rel.,* 137 Ind. 552, 24 L. R. A. 469. It fixed the compensation of the treasurer of Whitley county at $1,800 per year, and in the clearest manner prohibited the payment of any greater sum to that officer by way of compensation for his official services. Acts 1891, §113, p. 439, §135, p. 452. The county officers named in the act can receive no compensation other than that provided therein. Acts 1891, §21, p. 427.

The act of 1893, amending the act of 1891, had the same effect as if incorporated in the original act, and the said act of 1891 fixed the salaries and compensation of the officers named in it from the time it went into force. *Sudbury* v. *Board, etc.,* 157 Ind. 446.

The appellant was entitled to such compensation only as the statute allowed him. *Board, etc.,* v. *Johnson,* 127 Ind. 238; *Wood* v. *Board, etc.,* 125 Ind. 270; *State, ex rel.,* v. *Roach,* 123 Ind. 167; *Board, etc.,* v. *Barnes,* 123 Ind. 403.

The decision in *State, ex rel.,* v. *Boice,* 140 Ind. 506, afterwards overruled by *Walsh* v. *State, ex rel.,* 142 Ind. 357, did not operate to give county officers a right to charge and collect fees under the act of 1879 during the time it remained

unreversed. The rule that contract rights acquired under an interpretation of the law made by the Supreme Court are not devested by a subsequent decision to the contrary does not apply to the claims of public officers to fees or salaries established by law. Such officers have no vested interest in the offices, and their right to such fees and salaries is not founded in contract. *Sudbury* v. *Board, etc.*, 157 Ind. 446, 455.

At a very early period in this State it was held that offices were not grants or contracts, the obligations of which could not be impaired, but rather trusts or agencies, which were completely within the power of the legislature, except so far as the Constitution of the State forbade interference with them. *Coffin* v. *State, ex rel.*, 7 Ind. 157; *Gilbert* v. *Board, etc.*, 8 Blackf. 81.

The doctrine that the incumbent has a vested interest in a public office, its fees and emoluments, has been denied by nearly every court in this country. See the very full note in *Hoke* v. *Henderson*, 25 Am. Dec. 677, 701, and cases cited. See, also, 19 Am. & Eng. Ency. of Law, 526.

The rule that a judicial construction of a statute becomes a part of the statute, and that rights acquired under it cannot be impaired by any subsequent act of the legislature, or decision of the courts altering the construction of the law, has never been extended, so far as we are advised, to other than contract rights, or rights arising under the statute so upheld as a rule of property. *Ohio Life Ins. Co.* v. *Debolt*, 16 How. 415, 14 L. Ed. 997; *Taylor* v. *Ypsilanti*, 105 U. S. 60, 26 L. Ed. 1008; *Douglass* v. *County of Pike*, 101 U. S. 677, 25 L. Ed. 968; *Anderson* v. *Santa Anna*, 116 U. S. 356, 6 Sup. Ct. 413, 29 L. Ed. 633; *Stephenson* v. *Boody*, 139 Ind. 60; *Williams* v. *Citizens, etc., Co.*, 153 Ind. 496, 497; *Thompson* v. *Henry*, 153 Ind. 56, 58; *Byrum* v. *Henderson*, 151 Ind. 102, 107; *Center School Tp.* v. *State, ex rel.*, 150 Ind. 168.

As the claim of the appellant did not arise out of contract, it was not protected by the erroneous decision in *State, ex rel.,* v. *Boice,* 140 Ind. 506.

The appellant did not change his situation by reason of the decision in *State, ex rel.,* v. *Boice, supra.* He accepted his salary under the act of 1891, and yet retains it, and having taken the benefit of the statute he cannot be permitted to question its validity. *Farrior* v. *New England, etc., Co.,* 92 Ala. 176, 181, 9 South. 532, 12 L. R. A. 856; *State* v. *Baltimore, etc., R. Co.,* 34 Md. 344; *In re Tuthill,* 50 N. Y. Supp. 410; *Harris* v. *Jex,* 55 N. Y. 421, 14 Am. Rep. 285; *Mayor* v. *Manhattan R. Co.,* 143 N. Y. 1, 26, 27, 37 N. E. 494; *Ohio Ins. Co.* v. *Debolt,* 16 How. 415, 14 L. Ed. 997; *Gelpcke* v. *City of Dubuque,* 1 Wall. 175, 17 L. Ed. 520; *Havemeyer* v. *Iowa County,* 3 Wall. 294, 303, 18 L. Ed. 38; *Olcott* v. *Supervisors,* 16 Wall. 678, 680, 21 L. Ed. 382; *Chandler* v. *State,* 69 Tenn. 296; *Ferguson* v. *Landram,* 64 Ky. 548, 565; *Ferguson* v. *Landram,* 68 Ky. 230, 96 Am. Dec. 350; *Dodd* v. *Thomas,* 69 Mo. 364, 369; *Vose* v. *Cockcroft,* 44 N. Y. 415; *Great Falls Mfg. Co.* v. *Attorney-General,* 124 U. S. 581, 598, 8 Sup. Ct. 631, 31 L. Ed. 527; *Hansford* v. *Barbour,* 10 Ky. 515; *Barnett* v. *Barbour,* 11 Ky. 397; *Chitty* v. *Glenn,* 19 Ky. 425; *McKinney* v. *Carroll,* 21 Ky. 96; *Neilson* v. *Churchill,* 35 Ky. 333; *State* v. *Board,* 28 La. Ann. 121; *Lee* v. *Tillotson,* 24 Wend. 337, 35 Am. Dec. 624; *People* v. *Murray,* 5 Hill, 468, 472.

It is also to be observed that the decision in the case of *State, ex rel.,* v. *Boice, supra,* was not announced until November 27, 1894, and only four days before the expiration of the second term of the appellant, so that, according to his own statement of his case, appellant served as treasurer only four days after that decision was made.

The allowance of the claim of the appellant by the board of commissioners was not a judicial determination of its validity, and was not binding upon the county. In making the allowance the board violated the plain letter of the statute,

and their order constitutes no defense to the demand of the county. As was said by the court in *Board, etc.,* v. *Heaston,* 144 Ind. 583, 595, 55 Am. St. 192: "If the appellee has received and has the money of the county, under such circumstances that in equity and good conscience he ought not to retain the same, and which, *ex aequo et bono,* belongs to the county, an action for its recovery will lie in favor of the latter. *McFadden* v. *Wilson,* 96 Ind. 253, 297, and authorities there cited; *Lemans* v. *Wiley,* 92 Ind. 436." It is entirely clear that the appellant had no right in good conscience or equity to retain the sum wrongfully claimed by him and illegally allowed by the board. He had been paid the full amount of his salary under the act of 1891, and the sum paid to him upon the order of the board was a mere gratuity which the board was prohibited from bestowing, and which the appellant had no right to receive. The county therefore was not bound by the payment. Acts 1891, §135, p. 452. *United States* v. *Kirkpalrick,* 9 Wheat. 720, 6 L. Ed. 199; *United States* v. *Bank,* 15 Pet. 377, 10 L. Ed. 774; *McElrath* v. *United States,* 102 U. S. 426, 26 L. Ed. 189.

The proposition that the question of the right of the appellant to compensation under the act of 1879 was *res judicata* because the appellant contributed, with other treasurers to the expenses of the litigation in *State, ex rel.,* v. *Boice, supra,* is utterly unsupported by reason or authority. *Peck* v. *State,* 137 N. Y. 372, 33 N. E. 317, 33 Am. St. 738.

And in regard to the claim that the appellant was entitled to charge fees under the act of 1879 for collecting the railroad taxes during his second term, which he was prevented by injunction from collecting during his first term, it is enough to say that the act of 1879 no more applied to his first term than to his second. Had it done so, yet if it did not regulate his compensation during his second term, he would have been entitled to no fees under the act of 1879 for official services performed during his second term, although

prevented by injunction from making the collection during his first term.

The court did not err in sustaining the demurrers to the answers and cross-complaint.

Judgment affirmed.