### DIAMOND PLATE GLASS COMPANY ET AL. *v.* KNOTE ET AL.

[No. 5,581. Filed May 11, 1906.]

1. LANDLORD AND TENANT. — *Leases.*—*Gas.*—*Forfeiture.*—*Election.*—A gas lease by which the lessee is given the right to explore lessor's lands, such lease to terminate whenever "gas ceases to be used generally for manufacturing purposes" or whenever the lessee shall fail to pay the rental price within sixty days after it becomes due, terminates when gas ceases generally to be used for manufacturing purposes, and does not terminate by the mere fact of nonpayment, but such fact gives the lessor the right to forfeit such lease. *Hancock* v. *Diamond Plate Glass Co.*, 162 Ind. 146, followed. p. 21.

2. APPEAL AND ERROR.—*Stare Decisis.*—Where valuable property rights are founded upon the rules of law laid down by the courts of last resort, such rights will be protected by the doctrine of *stare decisis.* p. 25.

3. SAME.—*Stare Decisis.*—*Supreme Court.*—*Appellate Court.*—*Conflict.*—Where a gas lease was entered into prior to a decision of the Appellate Court and the lessee tried to terminate such

lease according to such decision, but the Supreme Court decided that such lease could not be so determined, the lessee is in no position to invoke the rule of *stare decisis,* no rights being contracted on the ground of such decision.   p. 26.

From Grant Superior Court; *B. F. Harness,* Judge.

Action by John A. Knote and another against the Diamond Plate Glass Company and others.  From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*Blacklidge, Shirley & Wolf* and *Bell & Purdum,* for appellants.

*B. C. Moon,* for appellees.

MYERS, J.—Appellees recovered judgment in the court below against appellants for $190.75, on account of what is designated in a certain contract as an "annual rental" until a gas-well is drilled on the real estate described in such contract, and also for a failure to furnish gas, as by such contract provided.

The contract in this case is identical with, and the complaint is practically the same as, the contract and complaint in the case of *Hancock* v. *Diamond Plate Glass Co.*

1.  (1904), 162 Ind. 146, except as to the names of the landowners, the date of the contract, the amount of annual rental and time payable, and, upon the authority of that case, the first two errors here assigned, namely, that the complaint does not state facts sufficient to constitute a cause of action, and that the complaint does not state facts sufficient to withstand a demurrer, must be ruled against appellants.

The third error is that the court erred in its conclusion of law, and the fourth, that the court erred in overruling appellants' motion for a new trial.   By these two assignments two questions are presented, the determination of which will be decisive of this case.

(1)   When, under the facts as found by the court, did the contract in suit terminate?   Appellants insist it terminated when they refused to pay rent January 1, 1896, or

when the gas company made a formal surrender and cancelation of the contract in February, 1900. The court upon request made special findings, and so far as they are material to the question now under consideration, after setting out a copy of the contract in suit, they show written assignments thereof from the Diamond Plate Glass Company to the Pittsburg Plate Glass Company, and from the Pittsburg Plate Glass Company to the Logansport & Wabash Valley Gas Company. By such assignments each assignee agreed to perform all the terms and conditions of said contract and pay all rentals thereafter maturing under the same, and said assignments embraced a transfer of the pipes from which appellees were being furnished gas under said contract. The pipes from which appellees received gas were laid and maintained upon the highway along appellees' land. No gas or oil well was ever drilled or put down at any time upon the land described in the contract, nor did either or any of the appellants ever offer or attempt to put down any oil or gas well, although the owners of said real estate were at all times ready and willing for such a well to be drilled or put down by any holder thereof. Since the execution of the contract gas was used generally for manufacturing purposes until in the spring of 1902, when it ceased to be so used. The owners of said real estate at all times performed all the conditions of said contract on their part. The holders of the contract furnished the owners of said real estate natural gas free of charge for domestic use for the dwelling-house on said premises until November 25, 1901, when the Logansport & Wabash Valley Gas Company cut off the supply of gas, and ever since that time each of appellants has failed and refused to furnish natural gas for said dwelling-house, and that gas necessary for the domestic use of appellees, from the date when cut off to the date when it ceased to be used for manufacturing purposes, was reasonably worth $15. All rentals due for the several years up to and including payment due January 1, 1895, were

duly paid. The rent due January 1, 1896, was not paid when the same became due. On February 24, 1896, a suit. was begun before a justice of the peace of Howard county, Indiana, against the Diamond Plate Glass Company and the Pittsburg Plate Glass Company to recover $30, the sum then due on account of said contract, and such proceedings were had before said justice as resulted in a judgment in favor of appellees in the sum of $30. From this judgment the parties defendant in that action duly appealed to the Howard Circuit Court, and thereafter said cause was venued to the Tipton Circuit Court, where the case was again tried, and on December 17, 1896, judgment was rendered in favor of appellees against the two glass companies, which judgment was thereafter paid, as was also the rent due January ·1, 1897, by the Logansport & Wabash Valley Gas Company, one of the appellants herein. The rent due January 1, 1898, 1899, 1900 and 1901, and for part of a year—$10—due January 1, 1902, with interest from the date when due, is unpaid. On January 6, 1900, the appellant gas company signed, and on January 22, 1900, acknowledged before a notary public, and on February 5, 1900, placed on record in the office of the recorder of Howard county, in release and assignment record No. 5, page 25, a writing reciting the assignment to it of said contract, and that the same had been abandoned by said gas company and all rights thereunder relinquished, and that the same was released, and "that the parties owning said real estate were placed in the same situation with respect to said lands that they would have been or would. be had said leases never been executed," and "that the owners of said land refused to accept said cancelation of said lease so filed, and said cancelation was so attempted to be made without the knowledge or consent of the owners of said land." The amount due appellees, with interest, on July 9, 1904, was $190.75.

From these findings the court concluded as a matter of law that appellees should recover in this action, and entered judgment accordingly for $190.75, and costs of the action.

Practically the same state of facts was before our Supreme Court in the case of *Hancock* v. *Diamond Plate Glass Co., supra,* and by reference to the opinion of the court in that case it will be observed that each insistence of appellants, as above stated, is there thoroughly discussed and decided against their present contention. In that case, under the averments of the complaint, the court held the contract to be in full force and effect. In this case, the findings show a termination of the contract by limitation. Gas ceased to be used generally for manufacturing purposes in the spring of 1902, and, this being true, the contract by its express terms terminated at that time.

(2) Appellants' second ground of defense to this action is based upon the rule of *stare decisis.*

In *Diamond Plate Glass Co.* v. *Curless* (1899), 22 Ind. App. 346, and in *Diamond Plate Glass Co.* v. *Echelbarger* (1900), 24 Ind. App. 124, this court, in construing a contract substantially like the one now before us, declared that it was an agreement which ran only from year to year, "and that at the end of any year either party could terminate the agreement, the one by refusing to accept, and the other by refusing to pay, the stipulated sum." As to these cases, at the time they were decided, this court had final jurisdiction. It placed a construction upon the contracts then before it, which, as we have said, were substantially like the one now under consideration. Appellants now claim they had a right to rely upon that construction, and the law as declared in those decisions. They did so, and declined to pay the annual rental due January 1, 1900. By their written release, duly recorded, they reinstated appellees in their full rights in the land, freed from any claims thereafter by virtue of such contract, and are there-

fore entitled to be relieved from any liability to pay rentals after such attempted cancelation.

If we were to follow the cases of *Diamond Plate Glass Co.* v. *Curless, supra,* and *Diamond Plate Glass Co.* v. *Echelbarger,. supra,* a reversal or remittitur should
2.   be ordered, for, as we have seen, the judgment includes rentals falling due after appellants made the aforesaid attempt to terminate the contract. There is no rule known to the law more eminently just or productive of greater good as tending to enforce stability and establish uniformity in our laws than that of *stare decisis*. It is a rule to preserve the law as settled by the decisions of a court having final jurisdiction of the questions involved. *Menge* v. *The Madrid* (1889), 40 Fed. 677; *Calhoun Gold Min. Co.* v. *Ajax Gold Min. Co.* (1899), 27 Colo. 1, 59 Pac. 607, 50 L. R. A. 209, 83 Am. St. 17; *Palmer* v. *Mead* (1828), 7 Conn. 149.

In short, *stare decisis* means to follow precedent, and is founded upon the broad principle that the law governing commercial transactions and affecting property rights should remain settled, and not be subject to flexible and restless precepts. Courts ought not and will not disturb contractual relations or valuable rights resting upon the strength of decisions by courts of last resort, but will adhere to the maxim *stare decisis,* when necessary for their protection and enforcement, where the facts are substantially the same as those upon which the former decisions were grounded, "except from the most urgent consideration of public policy." *Hines* v. *Driver* (1883), 89 Ind. 339; *Pond* v. *Irwin* (1888), 113 Ind. 243; *City of Cincinnati* v. *Taft* (1900), 63 Ohio St. 141, 151, 58 N. E. 63; *American Mortgage Co.* v. *Hopper* (1894), 64 Fed. 553, 12 C. C. A. 293; *Moore* v. *City of Albany* (1885), 98 N. Y. 396; *Treon* v. *Brown* (1846), 14 Ohio 482; *Kearny* v. *Buttles* (1853), 1 Ohio St. 362.

Applying these observations to existing conditions, both as to the law as it now stands (*Hancock* v. *Diamond Plate Glass Co., supra*), and the facts as here found, or

3.   to be inferred from the evidence liberally construed in appellants' favor, leads us to. the conclusion that the rule of *stare decisis* ought not in this case to be invoked, for the reason that courts in the same jurisdiction ought never to enforce a rule of law which has been disapproved by the court of last resort, although announced by a court, at the time, of equal jurisdiction, unless such refusal would amount to a trap into which parties have been thereby induced to enter to their irreparable injury. *City of Cincinnati* v. *Taft, supra.*

In the case now under consideration, we find no such extraordinary influences. There is no finding or evidence tending to support any new arrangement between the parties to the contract or their assignees, or rights having vested upon the faith of *Diamond Plate Glass Co.* v. *Curless, supra,* and *Diamond Plate Glass Co.* v. *Echelbarger, supra.* True, without the consent of the landowners, the gas company endeavored to free itself from the covenant in the contract to make annual payments, but in a manner or by a proceeding which our Supreme Court has said was not sufficient for that purpose. The claim is that it gave up valuable rights on the faith of such decisions. It is certain the landowners were objecting to a cancelation of the contract, and whatever was done along this line was a voluntary act upon the part of one of the parties to it. The findings are silent, likewise the evidence, on the question of such "valuable rights." The land was unexplored, and natural gas, at that time, had not ceased to be used generally for manufacturing purposes. By the very terms of the contract, until the drilling of a gas-well on the land, or until natural gas ceased to be used generally for manufacturing purposes, appellants agreed to pay $30 annually on January 1 of each year.

As we view this case, appellants are now seeking to escape liability imposed by a covenant in the contract, through the medium of decisions made long after the obligation was assumed. By cutting off this avenue of escape we are unable to see where, in this particular case, we are adding additional burdens, or in the least interfering with contractual relations.

We find no cause for reversal. Judgment affirmed.