HERRON, ADMINISTRATOR, v. WHITELY MALLEABLE CASTINGS COMPANY ET AL.

[No. 7,106. Filed October 4, 1910. Rehearing denied December 15, 1910. Transfer denied March 29, 1911.]

1. JUDGMENT.—*Stare Decisis.—Supreme Court Decisions.*—The decisions of the Supreme Court do not constitute the law, but are merely evidence thereof, and people have no right to rely thereon until harmonious and well-advised opinions have been reported and have stood unchallenged for a long time. p. 337.

2. STATUTES.—*Ambiguous.—Decisions.—Interpreting.* — *Stare Decisis.*—Where a doubtful statute has been interpreted by the Supreme Court for such a time that its meaning has become settled, contracts made on the faith thereof will be sustained. p. 338.

3. JUDGMENT.—*Stare Decisis.—Supreme Court Decisions.*—Where decisions of the Supreme Court are conflicting, or are so recently made that the parties cannot be presumed to have contracted in reference thereto, the doctrine of *stare decisis* cannot be invoked in support of a contract. p. 338.

4. MECHANIC'S LIENS.—*Materials Furnished to Insolvents.—Notice. —Mortgages.—Stare Decisis.*—Where a vendor sold to an insolvent corporation certain machinery to be used in constructing its factory, accepting such company's notes therefor, holders of mortgages on such factory, executed by such corporation subsequently thereto, are entitled to priority, where the vendor failed to file a notice of a lien, although at the time of the sale the Supreme Court had decided in a similar case that the vendor was entitled to such lien without the filing of a notice, in another,

that he was not, and in another and later, that he was so entitled, the first and last decisions being subsequently overruled. p. 339.

From Superior Court of Vigo County; *James E. Piety,* Special Judge.

Intervening petition by John W. Herron, as administrator *de bonis non,* with the will annexed, of the estate of E. A. Kinsey, deceased, in a suit by the Whitely Malleable Castings Company against the Terre Haute Manufacturing Company. From a judgment against petitioner, he appeals. *Affirmed.*

*Robert B. Stimson,* for appellant.
*Lamb, Beasley & Sawyer,* for appellees.

RABB, J.—In December, 1896, and January, 1897, appellant's intestate sold to the Terre Haute Manufacturing Company certain machinery, which was used in the construction and equipment of said company's factory, and on January 25, 1897, said intestate having died in the meantime, the company executed to the administratrix of his estate its negotiable promissory notes for the balance due on said machinery. At the time said machinery was so sold and said notes were so taken for the purchase price thereof, said company was insolvent. On May 11, 1897, said company executed a mortgage upon all of its property, including its factory in which such machinery was so used, to appellees McKeen, Bindley, Starr, Dulaney National Bank and the Terre Haute Savings Bank, to secure to them, respectively, antecedent debts owing to them from said company amounting to an aggregate of $28,000. In June, 1897, appellee Whitely Malleable Castings Company began suit in the circuit court against the Terre Haute Manufacturing Company, seeking to dissolve the company, on the ground that it was an insolvent corporation, and asking for the appointment of a receiver to wind up its affairs. Such proceedings were had therein that a decree was entered by said court

dissolving said corporation, and appointing a receiver for said purpose, who, under proper orders of the court, sold all its property, including said factory, in the construction of which said machinery was so used.

After the appointment of said receiver, the administratrix of appellant's decedent filed the notes so executed by the company, as a claim against the receiver, and the claim was duly allowed by him, and thereafter, and after the sale of the property by the receiver, appellant filed an intervening petition in said cause, averring the facts before related, and claiming priority of payment for the purchase price of said machinery over said mortgage out of the proceeds derived from the sale of the factory in the hands of the receiver. To this petition the mortgagees demurred, and the demurrer was sustained by the court, and this presents the only question arising on this appeal.

It is appellant's contention that, notwithstanding the fact that no notice of the intention to hold a mechanic's lien on the premises was filed by his decedent, or any one representing him, as required by the provisions of the statute, he is entitled to such lien and priority payment under the provisions of section one of the act of 1889 (Acts 1889 p. 257), relating to mechanics' and laborers' liens, as it had been construed by the Supreme Court prior to the time the machinery in question was sold by his decedent; that the doctrine of *stare decisis* applies to this case, and that the rights of appellant are not to be affected by any change subsequently made in the interpretation of the statute in question by the Supreme Court.

The decisions of the courts of last resort, while generally regarded as of binding authority by lower tribunals, beyond the limits of the case in which the decision is rendered, strictly speaking, are not law. They are simply evidence of law of greater or less persuasive force, as these decisions are harmonious, apparently well

considered and of long standing. They are not addressed to the public generally, but to the case under consideration, and are not to be presumed to influence the actions of those not parties to the proceeding in which they are rendered, at least, until they have been published in the reports provided by law for their publication, or are of such long and unchallenged standing that they may reasonably be presumed to have become publicly known. *Paul* v. *Davis* (1885), 100 Ind. 422; *Board, etc.,* v. *Allman* (1895), 142 Ind. 573, 39 L. R. A. 58; *Yates* v. *Lansing* (1812), 9 Johns. *396, 6 Am. Dec. 290; *Henry* v. *Bank of Salina* (1843), 5 Hill 523.

If, however, a principle of law, doubtful in its character or uncertain in the subject-matter of its application, or the construction of a statute, couched in language the meaning of which is uncertain or obscure, has been settled by the decision of a court of last resort for such length of time, and is of such a character as to have become an established rule of property or of contract, such rule or statutory construction will not be overthrown so as to affect the property or contractual rights acquired upon the faith of such decision. *Rockhill* v. *Nelson* (1865), 24 Ind. 422; *Grubbs* v. *State* (1865), 24 Ind. 295; *Harrow* v. *Myers* (1868), 29 Ind. 469; *Hines* v. *Driver* (1883), 89 Ind. 339; *Gross* v. *Board, etc.* (1902), 158 Ind. 531, 58 L. R. A. 394; *Diamond Plate Glass Co.* v. *Knote* (1906), 38 Ind. App. 20.

But such rule can have no application where the decisions relied upon are conflicting, not well considered, or were made so recently before the contract or property right to be affected was made or acquired that it could not reasonably be presumed to have been made or acquired upon the faith of the decisions relied upon.

Here, prior to the sale of the machinery in question, the section of the statute, under which appellant claims a lien

upon the funds in the hands of the receiver para-
4. mount to the mortgagees' right, came before the Su-
preme Court for construction in three different cases
at different times. The first decision was rendered in the
case of *Goodbub* v. *Estate of Hornung* (1891), 127 Ind. 181,
in which it was held that those who furnished material and
performed labor in the erection of a structure for an in-
solvent owner, were, by the terms of the statute in question,
entitled to preference over common creditors in the pay-
ment of their claims out of the estate of such insolvent
owner of the structure, where it had been sold by his ad-
ministrator, and the proceeds were held as assets of the
estate.

The second appearance of the question in the Supreme
Court is in the case of *McElwaine* v. *Hosey* (1893), 135 Ind.
481, where it is expressly held that under the provisions of
this section of the statute no lien attaches to the structure
in favor of those who perform work or furnish materials
for its construction, without giving notice required by the
subsequent section of the act, and that the preferred claims
referred to in the first section of the act are limited to claims
for the services of employes in operating factories.

The last instance in which the question was presented to
the Supreme Court, before the machinery in question was
sold by appellant's decedent, is the case of *Jenckes* v.
*Jenckes* (1896), 145 Ind. 624, in which it was again held,
in harmony with the decision in *Goodbub* v. *Estate of Horn-
ung, supra,* that the terms of the statute in question include,
as preferred claims against insolvents, not only debts to la-
borers for wages, but also debts to mechanics and material-
men, contractors and others furnishing labor and materials
in the construction of the building upon which the lien is
claimed, or the funds arising from its sale, out of which a
preference is claimed. The court referred to both of the
previous decisions. That such decision was hastily consid-
ered is evidenced by the fact that the case of *McElwaine* v.

*Hosey, supra,* is referred to as already stated, and not overruled or criticised, but cited as an authority supporting the court's decision, whereas, they are squarely in conflict.

It is this last decision that is mainly relied upon by appellant as supporting his contention that the rule of· *stare decisis* should be applied to the question as it arises here. This decision was handed down on September 24, 1896, within three or four months of the time when the machinery is· alleged to have been sold by appellant's decedent to the insolvent company. The party against whom the case was decided had sixty days in which to file a petition for a rehearing, and until then the case was still *in fieri.* Whether a petition for a rehearing was filed, and if so, when overruled, does not appear, but the decision could not have been published in the reports until long after the contract of the sale here involved was made, and the state of the decisions upon the question could afford no ground for the application of the rule of *stare decisis.*

Since then, the question of appellant's right under the statute to a preference of payment out of the proceeds of the sale of the premises has been thoroughly settled, adverse to appellant's contention, by the decisions of the Supreme Court, in the cases of *Sulzer-Vogt Mach. Co.* v. *Rushville Water Co.* (1903), 160 Ind. 202, and *National Supply Co.* v. *Stranahan* (1904), 161 Ind. 602, and the cases of *Goodbub* v. *Estate of Hornung, supra,* and *Jenckes* v. *Jenckes, supra,* have been expressly overruled.

No error intervened in sustaining appellee's demurrer to appellant's intervening petition. Judgment affirmed.