No. 1,839.

## THE INDIANAPOLIS GAS COMPANY ET AL.
### *v.* TETERS ET AL.

LANDLORD AND TENANT.—*Construction of Lease.*—Under a lease providing for the payment of a specified rental each year in advance for every well from which gas is used off the premises, so long as gas is found on the premises, the lessee is not liable for the rental upon the failure of the well, or if it become impracticable to use the gas therefrom.

From the Hamilton Circuit Court.

*Kane & Kane,* for appellants.

*Shirts & Kilbourne,* for appellees.

ROSS, J.—This action was brought by the appellees to recover rents alleged to be due under the terms of a lease executed by them to the appellant Indianapolis Natural Gas Company, and by said company assigned to the appellant Indianapolis Gas Company. The cause was tried by the court, resulting in a finding and judgment in favor of the appellees in the sum of $111.50. The appellant Indianapolis Natural Gas Company, although notified of this appeal, has refused to join therein.

The complaint charges, in substance, that on the 5th day of December, 1889, the plaintiffs leased to the Indianapolis Natural Gas Company, a corporation, which was then engaged in the business of supplying gas to its patrons in the city of Indianapolis, for use for fuel and light, for a term of five years, or so long as gas or oil was found upon the premises, the right to take gas or oil from certain real estate owned by them in Hamilton county, Indiana; that by the terms of

said lease the said gas company agreed to pay, as rental for such privilege, the sum of $100.00 per year each year in advance for every well from which gas was taken off said demised premises; that pursuant to said lease said company drilled a well, and paid therefor until January 5, 1893, at which time an additional rental of $100.00 fell due; that although it continued to use the well, it failed and refused to pay the rental for said year, beginning January 5, 1893. It also appears, from the allegations of the complaint, that the appellant Indianapolis Gas Company purchased the rights of its co-defendant under said lease, adopted said contract as its own, and complied with the terms thereof until January 5, 1893, when it defaulted in the payment of rent.

To the complaint, the appellant Indianapolis Gas Company filed an answer in three paragraphs, the first of which was a general denial, and the second and third paragraphs pleaded special matter. Demurrers were sustained to the special answers, and these rulings are assigned as error. Appellant also assigns as error the overruling of its motion for a new trial.

The material question presented on this appeal, whether considered with reference to the pleadings or under the evidence, is as to the construction to be placed upon the terms of the contract or lease sued on.

On the part of the appellant, it is contended that the lease provides that if a well was drilled on the demised premises, from which gas was taken, and the well should afterwards fail, the rent ceased, while the appellees' contention is that, notwithstanding a well drilled might fail, yet the rental would continue.

It appears, from the contract entered into, that the appellees leased to the appellant, "for the term of five

years, or so long as oil or gas is found upon the premises, all the oil or gas in and under" a certain sixty acres of land, which is particularly described. The appellant agreed to drill a well on the demised premises, commencing within one month from the date of the lease, or, in case it failed to drill a well, to pay appellees a rental of fifty cents per acre per annum, payable semi-annually in advance, until the well was drilled, or the lease-right reconveyed or forfeited. It is further provided that "should gas be found second party [appellant] agrees to pay first party [appellees] one hundred ($100.00) dollars each year in advance for every well from which gas is used off the premises, commencing with the time gas is first transported off said premises and sold."

In the second and third paragraphs of its answer, the appellant alleged that it drilled a well in compliance with the terms of said contract, and attached such well to its pipe-line, and used the gas therefrom until January 1, 1893, when it turned off said gas from its pipe-line, and that it has not used gas from said well since that time. Other facts are alleged, showing the reason the well was shut off, namely: because of the water in the well, which, in the then condition of the well, prevented the gas from flowing into the pipe-line. It also appears, from the answer, that the well was cut off and the appellees notified thereof before the commencement of the year for which the rental sued for occurred. That provision of the contract, under which the appellees seek to recover, provides that the appellant shall pay the appellees $100.00 per year for each well "from which gas is used off the premises." It is evident, from the provisions of the contract, that at the time the parties entered into the same they contemplated

that the appellant might drill and use gas from more than one well on said demised premises; so it was provided, not that appellant should have the right to take all the oil or gas found on the demised premises by the payment of an annual rental of $100.00 per year, but that it should pay that sum per year for each well from which gas was taken. Of course, if but one well was drilled from which gas was taken, the rental was to be but $100.00 per year, but if five wells were drilled and gas taken from them, the rental would be $500.00 per year. This rental, whether one or more wells were drilled, was payable only so long as the appellant continued to take gas therefrom. If gas ceased to flow, or it became impracticable to take gas therefrom, the appellant had a right to cease to take gas, and to detach its line from the well, and its liability for the payment of the rental would cease. Under the allegations of the answers referred to, it appears that the appellant did cease to use gas from the well on account of the water in the well, which reduced the pressure so that instead of gas flowing from the well, gas in its pipe-line was forced into the well. When the gas ceased to flow from the well with sufficient force to enable appellant to utilize it, appellant was not bound to keep its line attached thereto and to pay rental therefor.

Inasmuch as it is conceded, by the counsel on both sides, that the only question presented on this appeal is whether or not, by the terms of the contract sued on the appellant was bound to pay the annual rental of $100.00, whether it took gas from the well or not, and that such question is presented by the answers to which demurrers were sustained, that is the only question we have considered.

Judgment reversed, with instructions to the court

below to overrule the demurrers to the several and additional, or third paragraph, of appellants' answer.

Filed June 12, 1896.