DIAMOND PLATE GLASS COMPANY ET AL. *v.* CURLESS.

[No. 2,600. Filed Feb. 2, 1899. Rehearing denied May 11, 1899.]

CONTRACTS.—*Gas and Oil Lease.*—*Landlord and Tenant.*—Plaintiff
brought suit for acreage rent under an agreement that the party of
the first part has "this day granted and leased to the second party,
their heirs and assigns" certain tracts of land, the second party to
pay $100 each year for each gas well drilled which produces gas in

Diamond Plate Glass Co. v. Curless.

paying quantities, and until the drilling of a gas well, the second party to pay an annual rental of 50-100 dollars an acre, to be paid on the 1st day of January of each year.   The instrument contained the further clause: "This grant and lease shall be deemed to commence at and run from the date of the signing hereof, and shall be deemed to have terminated whenever natural gas ceases to be used generally for manufacturing purposes in Howard county, Indiana, or whenever the second party, their heirs or assigns, shall fail to pay or tender the rental 'price herein agreed upon, within sixty days of the date of its becoming due, and in the event of the termination hereof for any cause, all rights and liabilities hereunder shall cease and terminate."   Defendants never took possession of the premises.   *Held*, that the agreement ran only from year to year, and that at the end of any year either party could terminate the agreement, the one by refusing to accept, and the other by refusing to pay the stipulated sum.

From the Tipton Circuit Court.   *Reversed.*

*Blacklidge & Shirley* and *Stuart Bros. & Hammond*, for appellants.

*B. C. Moon* and *C. Wolf*, for appellee.

ROBINSON, J.—Appellee recovered a judgment against appellants before a justice of the peace for acreage rent claimed to be due on a certain agreement.   Appellant appealed to the circuit court, where appellee filed an amended complaint, to which demurrers were overruled.   Appellant filed a cross-complaint asking to have the agreement canceled, which was struck out on motion.   Judgment against appellant.   The errors assigned question the sufficiency of the complaint, sustaining the motion striking out the cross-complaint, and overruling the motion for a new trial.

This is not a suit to collect well rental on certain tracts each twenty feet square, as in the case of *Diamond Plate Glass Co.* v. *Tennell, ante,* 132, but it is a suit to collect acreage rental on all the land described in the agreement. In the above case no provision was made for any acreage rental on the whole land, but on the particular square tracts, and well rental on those particular tracts was alone in controversy.   That case was entirely different from the one at

bar.   In this case we have nothing to do with the tracts twenty feet square.

The questions involved are to be determined by a construction of the written instrument executed by the landowners to the assignor of the appellants.   The instrument provides that the party of the first part has "this day granted and leased to the second party, their heirs and assigns," certain tracts of land, each twenty feet square, of certain real estate particularly described and containing 160 acres; second party to have right of ingress and egress over the whole land, to erect necessary buildings, use of highways adjoining, to lay pipes, to deliver first party free gas for domestic use, to pay the first party one-sixth of all oil produced, and further providing:   "This grant and lease shall be deemed to commence at and run from the date of the signing hereof, and shall be deemed to have terminated whenever natural gas ceases to be used generally for manufacturing purposes in Howard county, Indiana, or whenever the second party, their heirs or assigns, shall fail to pay or tender the rental price herein agreed upon, within sixty days of the date of its becoming due.   And in the event of the termination hereof, for any cause, all rights and liabilities hereunder shall cease and terminate.   And as an additional consideration the said second party agrees to pay to said first party an annual rental of $100 each year for each gas well drilled as aforesaid, which produces gas in paying quantities sufficient for manufacturing purposes.   Said payments to commence and become due and payable on the——day of January, as to each of said gas wells, after the completion thereof, and to continue thereafter annually during the continuance of this lease.   Until the drilling of a gas well on said premises by said second party, they shall pay to said first party an annual rental of 50-100 dollars an acre, to be paid on the 1st day of January of each year, commencing 1891; if the wells are not drilled in five years from date, the rental to be raised to one dollar an acre thereafter as to each forty acre tract.   Should

any other gas well or wells be put down on said ——acre tract of land other than herein stipulated for, then said second party, their heirs and assigns, shall thereafter be relieved and released from the payment of the rental as in this contract provided." Appellants never took possession of the premises described in the instrument.

The fact that the parties have used the word "lease" does not necessarily determine the character of the instrument. The intention of the parties as gathered from the whole instrument, must determine its character. It can not be construed to be a lease for years. It lacks one of the essential requisites of a such a lease. It does not have a certain determination, "either by an express enumeration of years, or by reference to a certainty that is expressed, or by reducing it to a certainty upon some contingent event which must happen before the death of the lessor or lessee." Wood's Landlord and Tenant, sections 207, 209; Woodfall's Landlord and Tenant, (12th ed.) p. 117; 3 Chitty's Blackstone, pp. 140, 143; Taylor's Landlord and Tenant, section 15. Nor could it be a tenancy from year to year, even if the relation of landlord and tenant ever existed between the parties. Such a tenancy exists where the premises are occupied with the assent of the landlord, without any agreement as to the duration of the term. Section 7089 Burns 1894. If we should conclude that the relation of landlord and tenant existed, an annual rent having been paid, the tenancy could be no greater than from year to year, and such a tenancy may be terminated by the tenant at the end of any year. To terminate such a tenancy by a tenant, the statute does not require notice to be given to the landlord. And conceding that a tenancy existed, if it was a tenancy at will, it was at the will of both parties. If an estate is at the will of one of the parties, it is equally at the will of the other party. *Knight* v. *Indiana, etc., Co.*, 47 Ind. 105, 17 Am. R. 692.

In the agreement in question appellants did not bind themselves to put down a well within any specified time. It was

optional with them whether any wells would be drilled. This is clearly shown to have been the intention of the parties by the provision that if wells were not drilled within five years from the date of the agreement, the amount to be paid per acre was to be increased. All rights remained in the land-, owner except those granted to appellants. From the terms of the instrument it is clear that appellants did not have the exclusive right to take gas from the land described for any fixed time, or for any time. The record says nothing whatever about any contemporaneous oral or written agreement between the parties. If such an agreement existed it has not been brought to this court. Appellee granted to appellants a bare right to occupy land for a particular purpose. Until possession was taken, no present title was vested in appellants except the mere right of exploration for gas and oil. And this right was not exclusive. The sum paid for this right was paid annually, but at the end of the year there is nothing in the agreement compelling the landowner to accept or the appellants to pay this amount for another year.

In the case of *Reed* v. *Lewis*, 74 Ind. 433, 39 Am. R. 88, cited by appellee's counsel, the instrument provided that the first party "doth hereby demise, grant and lease unto" the party of the second part "his executors, administrators and assigns," certain real estate, until the machinery on the same should be removed. Possession was taken under the instrument. This was held not to be a lease for years because it is of uncertain duration, and "leases for years must have a certain beginning and a certain ending, and so the continuance of the term must be certain." Citing 1 Shep. Touch. 272; Co. Litt. 45. Concerning the nature of the estate conveyed, the court said: "The lease in controversy is to continue until an uncertain contingency, to wit, the removal of the machinery; but as the word 'heirs' is not now necessary to create a fee, and as every grant is construed most strongly against the grantor, and conveys all he has, unless a lesser

estate is expressed, it would seem that here an estate in fee was created, determinable upon the happening of the contingency."

In the case of *Gilmore* v. *Hamilton*, 83 Ind. 196, also cited by appellee's counsel, the first party "doth hereby demise and grant" certain real estate, to the second party "their heirs, executors, administrators and assigns  *  *  *  during.the time they may occupy the same for a saw-mill yard." The grantees took possession. The court did not decide what estate passed by the grant, but simply held that it did not create a tenancy at will which the lessor could terminate by a month's notice to quit at his option.

The above cases are clearly distinguishable from that at bar. In the case at bar possession was not taken under the agreement, no attempt was made to convey the real estate, not even the right of exclusive possession was given. It was simply a grant of a right to drill wells and erect other appliances necessary to drill and operate the wells. In neither of the above cases does it appear that any rent was reserved.

In *Knight* v. *Indiana, etc., Co.*, 47 Ind. 105, cited by appellants' counsel, the instrument was signed by the grantors and the grantee, and for the consideration of $1 "doth hereby bargain, sell, and convey unto the party of the second part, his heirs and assigns, all the mineral coal, limestone, iron ore, fire-clay, and oil, in, upon and under" certain lands. The grantee was to enter upon the lands and search for coal, etc., to open and work the mines, to pay a certain amount annually and also royalty during continuance of the agreement. A failure to make payments upon request, or within sixty days after demand, was to be deemed an abandonment of the agreement. The agreement gave the grantee the right to abandon the lands and mining at any time. In that case it was held that the agreement created a tenancy at will.

Counsel for appellee cites the case of *Indianapolis, etc., Gas Co.* v. *Kibbey*, 135 Ind. 357. The lease in that case is

in some particulars like the instrument in question, but it also contains some material differences. The lease in that case provided expressly that the lessors "covenant and agree, and hereby bind themselves, their heirs, executors and assigns, not to drill, or to suffer or permit others to drill or put down, any other gas well or wells on any part of said entire eighty-acre tract of land described as above during the continuance of said contract," except the lessor could drill a well on the premises for the use of himself and neighbors. Suit was brought by appellee to restrain appellant, a stranger who had entered upon the land and commenced to bore a well, and it was held that injunction would lie. In the instrument under consideration no such provision is found, nor does the record show that any such agreement was made at the time the lease was executed, or at any other time. In the cases of *Indianapolis Gas Co.* v. *Teters*, 15 Ind. App. 475; *Edmonds* v. *Mounsey*, 15 Ind. App. 399; *Breckenridge* v. *Parrott*, 15 Ind. App. 411; *Kokomo Gas, etc., Co.* v. *Albright*, 18 Ind. App. 151, the leases under consideration were for terms of years.

In *Columbian Oil Co.* v. *Blake*, 13 Ind. App. 680, the landowner granted all the oil and gas in and under certain lands, the grantee expressly agreeing to commence drilling a well within thirty days, and to complete a well within thirty days after drilling commenced, and upon failure so to do, to pay annually thereafter $5 per acre until the well was drilled, and suit was brought to recover the rental for the whole tract. The liability of the company for the rental was placed upon the ground that the company was given an exclusive right to all the oil and gas under the land, and that the landowner could not have granted this right to others because it was already granted to the company; that the failure to make the test was not the fault of the landowner, but of the company, and by the terms of the contract the company had expressly agreed to pay a certain acre rental in the event it failed to drill a well as agreed. The case dif-

fers from the case at bar in that it gave the company an exclusive right; that the company had bound itself to drill a well and to drill it within a certain time; while in the case at bar the exclusive right to drill was not granted, nor did the grantee obligate himself to drill a well at any time. In the case at bar it was optional whether a well should be drilled, while in the above case it was not.

As we construe the instrument in question, it was an agreement whereby appellants, until possession was taken by them, agreed to pay an annual sum for the right to go upon the land at any time within the year and prospect for gas and oil; that the agreement ran only from year to year; and that, at the end of any year, either party could terminate the agreement, the one by refusing to accept, and the other by refusing to pay the stipulated sum. It has some of the elements of a tenancy from year to year, and also a tenancy at will, but it is neither. Possession never having been taken, by the terms of the instrument, it can not be said that the relation of landlord and tenant ever existed. It is well settled that in a lease, where the relation of landlord and tenant exists, the lessee will not be permitted at his option to terminate the tenancy before the expiration of the term, by failing or refusing to pay rent under a clause in the lease providing that the grant shall terminate whenever the grantee shall fail to pay or tender the rent within a certain time after it becomes due. See *Ray* v. *Pennsylvania Gas Co.*, 138 Pa. St. 576, 20 Atl. 1065, 12 L. R. A. 290; *Westmoreland, etc., Gas Co.* v. *DeWitt*, 130 Pa. St. 235, 18 Atl. 724, 5 L. R. A. 731; *Leatherman* v. *Oliver*, 151 Pa. St. 646, 25 Atl. 309; *Sargent* v. *Robertson*, 17 Ind. App. 411.

Construing the instrument in question, as we do, to be an agreement whereby a right was granted for a stipulated sum payable from year to year, and continuing from year to year if both parties desired that it should so continue, it could be terminated by either party at the expiration of such

period, and a failure to pay the stipulated sum as provided in the agreement, or a refusal under the terms of the agreement to pay such sum, would work its termination.

Judgment reversed.