DIAMOND PLATE GLASS COMPANY *v.* ECHELBARGER.

[No. 2,601.  Filed November 21, 1899.  Petition for rehearing withdrawn February 16, 1900.]

LANDLORD AND TENANT.—*Oil and Gas Lease.*—*Tenancy from Year to Year.*—A gas and oil lease provided that it should commence at the date of the signing and terminate when natural gas ceased to be used generally for manufacturing purposes in the county, or whenever the lessee failed to pay the rental price agreed upon.  The lessee was to pay $100 per year for each gas well drilled which produced gas in paying quantities, and, until the drilling of a gas well, to pay an annual rental of fifty cents an acre, and if wells were not drilled in five years from date, the rental should be raised to one dollar an acre.  *Held,* that the instrument did not fix the term of its duration, and that under §7089 Burns 1894 it was a tenancy from year to year, which the tenant could terminate at the end of any year by abandoning the premises.

From the Tipton Circuit Court.  *Reversed.*

*J. C. Blacklidge, C. C. Shirley* and *Stuart Bros. & Hammond,* for appellant.

*B. C. Moon* and *C. Wolf,* for appellee.

ROBINSON, J.—Appellee recovered a judgment for acreage rental claimed to be due on a certain agreement.  The questions involved are to be determined by a construction of this instrument.  It provides that appellee leased to the second party certain square tracts of certain described lands containing 100 acres, the lessee having right of ingress and egress over the whole tract, to erect necessary buildings, use of adjoining highways to lay pipes, to deliver lessor free gas for domestic use, to pay one-sixth of all oil produced, and further providing: "This grant and lease shall be deemed to commence at and from the date of the signing hereof, and shall be deemed to have terminated whenever natural gas ceases to be used generally for manufacturing purposes in Howard county, Indiana, or whenever the second party, their heirs or assigns, shall fail to pay or tender

the rental price herein agreed upon within sixty days of the date of its becoming due, payable at the Diamond Plate Glass Company's office, Kokomo. And in the event of the termination hereof, for any cause, all rights and liabilities hereunder shall cease and terminate. And, as an additional consideration, the said second party agrees to pay to said first party an annual rental of $100 each year for each gas well drilled as aforesaid which produces gas in paying quantities sufficient for manufacturing purposes; said payments to commence and become due and payable on the 1st day of January, as to each of said gas wells after the completion thereof, and to continue thereafter annually during the continuance of this lease. Until the drilling of a gas well on said premises by said second party, they shall pay to said first party an annual rental of fifty one-hundredths dollars an acre, to be paid on the 1st day of January of each year, commencing 1891; if wells are not drilled in five years from date, the rental shall be raised to one dollar an acre thereafter as to each forty acres. Should any other gas well or wells be put down on said 100 acre tract of land other than herein stipulated for, then said second party, their heirs and assigns, shall thereafter be relieved and released from the payment of the rental as in this contract provided."

In *Diamond Plate Glass Co.* v. *Curless*, 22 Ind. App. 346, this court held that an instrument containing the above provision could not be construed to be a lease for years, because it lacked one of the essential requisites of such a lease; it did not have a certain determination "either by an express enumeration of years, or by reference to a certainty that is expressed, or by reducing it to a certainty upon some contingent event, which must happen before the death of the lessor or lessee." Wood, Landlord & Tenant §§207, 209; Woodf. Landlord & Tenant (12th ed.) p. 117; 3 Chit. Bl. Com. pp. 140, 143; Taylor Landlord & Tenant §15. It was further there held that, even if the relation of

landlord and tenant existed, an annual rent having been paid, the tenancy could be no greater than from year to year, and such a tenancy may be terminated by the tenant at the end of any year.

In the case at bar the lease contains the further provision that the lessor agreed not to drill or suffer or permit others to drill or put down any other gas well or wells on any part of the 100 acre tract "during the continuance of said lease." But it is evident this provision gives no aid in determining the duration of the agreement. The lessee had the exclusive right to drill wells, not for any specified time, but during the continuance of the lease, and this is to be determined from the other provisions of the instrument; so that the lease itself does not fix its duration in the present case differently from that in the Curless case.

In the case of *Indianapolis, etc., Co.* v. *Kibbey,* 135 Ind. 357, suit was brought by appellee to restrain appellant from drilling a gas well on lands held by appellee under an agreement having some provisions similar to the instrument in question. In the Curless case we pointed out a distinction between that case and the Kibbey case. But the two cases may be further distinguished, and such distinctions will apply to the case at bar. That case does not undertake to construe the contract as between the parties to it. Counsel had argued whether the contract was executed or executory; whether it was a lease or a license, whether promises made in it were a sufficient consideration on the promisor's part, and whether the contract was a fair one between the parties to it. "These," said the court, "might be proper questions for consideration in a suit between the parties to the contract and upon the contract itself, to enforce its provisions, to declare a forfeiture, or for damages under it. But, so far as appears from the complaint, the appellant is a stranger to the contract, and appears merely as a trespasser upon whatever rights the appellee may have to the land in question.

"The complaint and contract show that the appellee has the exclusive right to put down gas wells on twenty feet square of ground in the northeast corner of an eighty acre tract; and also that, seemingly to protect the flowage to such wells, and give a 'field' or territory from which gas or oil may be drawn, the parties of the first part further agree and 'bind themselves, their heirs, executors and assigns, not to drill, or suffer others to drill or put down any other gas well, or wells, on any part of said entire eighty acre tract of land,' except that the parties of the first part may sink a well for their own private use, or the use of their neighbors, for domestic purposes. * * * Whatever might be the rights of the grantors in the contract set out in the complaint, it is clear that appellant had no right to do the acts complained of, and that the appellee was entitled to the injunction granted."

In *Columbian Oil Co.* v. *Blake*, 13 Ind. App. 680, suit was brought by appellee to recover rents under a written contract. Appellant answered that at the time of the execution of the contract appellee was a married woman, and her husband did not join with her in its execution. The judgment was reversed, because a demurrer to this answer was sustained. But a clause in the contract in that case clearly distinguishes it from the case at bar. That clause reads: "Party of second part agrees to commence operation within thirty days, and to complete a well in thirty days after drilling is commenced, and if failing therein, then party of second part is to pay annually thereafter $5 per acre until said well is completed, and if failing therein, then this contract is to become null and void." The lessee had failed to sink a well, and the suit was for acreage rental. The company had obligated itself to drill a well and to drill it within a certain time. The failure of the company to drill a well was its own fault, not the lessor's, and, by the contract, it had obligated itself, if it failed to

drill a well, to pay the lessor $5 per acre annually from such default until a well was drilled. As long as that default continued, the rights and liabilities of the parties were fixed, and it was for rent accruing during this default that the suit was brought. If a well had been drilled as agreed, the rights and liabilities of the parties thereafter would have presented a very different question. The duration of the contract would have then been presented. As it was, this question was not presented, and upon that question the case decides nothing. In the case at bar there was no agreement to drill a well at any time, and no obligation to pay any rent for such default. 1 Washb. Real Prop. (5th ed.) p. 33, note p. 383; §5208 R. S. 1881.

The case of *Harlan* v. *Logansport, etc., Co.*, 133 Ind. 323, is essentially different from that now before the court. If the right of way there in question had been used and occupied, there is nothing said in the opinion about how long the contract should continue, or how it might be terminated. That question was not before the court. The Pennsylvania cases were relied upon by counsel in that case, and the manner in which the court distinguished those cases from the case in hearing shows that no rule of law was there announced different from the view we have taken in this case. In that case the right of way had not been used or occupied, and the contract did not bind the party to use it, and until it was used no right of action accrued.

There can be no dispute on the question that where the relation of landlord and tenant exists the lessee will not be permitted, at his option, to terminate the tenancy before the expiration of the term, by failing or refusing to pay rent under a clause in the lease providing that the grant shall terminate whenever the grantee shall fail to pay or tender the rent within a certain time after it becomes due. See *Ray* v. *Gas Co.*, 138 Pa. St. 576, 20 Atl. 1065, 12 L. R. A. 290; *Gas Co.* v. *DeWitt*, 130 Pa. St. 235, 18 Atl. 724, 5 L. R. A. 731; *Leatherman* v. *Oliver*, 151 Pa. St. 646,

25 Atl. 309; *Sargent* v. *Robertson*, 17 Ind. App. 411; *Diamond Plate Glass Co.* v. *Curless*, 22 Ind. App. 346.

In cases like that at bar, until the party takes possession under the contract, it is simply an agreement to pay an annual sum for the right to go upon the land at any time within the year and prospect for gas, and that at the end of any year either party could terminate the agreement. In this case, possession was taken, and the relation of landlord and tenant existed. A tenancy was created. As the instrument itself does not fix its duration, the statute provides that it shall be from year to year. §7089 Burns 1894. At the end of any year the tenant could terminate the tenancy by abandoning the premises. Such an agreement, when possession is not taken, creates a privilege running from year to year; and when possession is taken it becomes a tenancy from year to year.

Judgment reversed.