## Indiana Natural Gas & Oil Company *v.* Pierce.

[No. 4,450. Filed November 4, 1903. Rehearing denied January 31, 1905.]

1. LEASE.—*Gas and Oil.*—Where plaintiff leased certain real estate to defendant for five years, or as long as gas or oil shall be found in paying quantities, and defendant agreed to commence operations within six months from the date of the lease, or in lieu thereof pay plaintiff a certain sum annually, and defendant never took possession of such land, and never drilled any well, such contract was ineffective after the five years, since the right of defendant to a longer period depended upon finding oil or gas in paying quantities.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Drew B. Pierce against the Indiana Natural Gas & Oil Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

W. O. *Johnson* and *Blacklidge, Shirley & Wolf,* for appellant.

R. T. *St. John* and *William H. Charles,* for appellee.

HENLEY, J.—The only questions raised by the appeal in this case relate to the sufficiency of the various pleadings filed. Appellant's demurrer was overruled to both paragraphs of appellee's complaint. Appellee's demurrer was sustained to the answer of appellant. The second paragraph of complaint was plainly to quiet title, and as such was sufficient. It is not questioned on appeal. The first paragraph of complaint is insufficient as a complaint to quiet title, and whether it is sufficient as a complaint to cancel the lease therein referred to, we need not decide, because it appears from the record that the judgment rendered does not exceed the relief prayed for, and to which appellee was entitled, by the second paragraph of his complaint, the sufficiency of which, as before stated, is unquestioned. The amended answer of appellant shows by proper averments that appellant has complied in every particular with the terms of its contract, as evidenced by the lease which is made a part of the answer. If appellant has any rights in the real estate described, they grow out of this lease or contract, which is in the following words: "Memorandum of agreement, made and entered into this 14th day of December, A. D. 1888, between D. B. Pierce, of Grant county, State of Indiana, party of the first part, and T. Spellacy of Lima, Ohio, party of the second part, witnesseth: That the said party of the first part, for and in consideration of the sum of $1 to him in hand well and truly paid, the receipt of which is hereby acknowledged, and in further consideration of the agreements hereinafter mentioned, agrees to lease, and by these presents has leased and granted, the exclusive rights unto the party of the second part, for the purpose of drilling for petroleum and gas; also, the right to lay, maintain and remove lines of pipe over and across said lands for the conveyance and transportation of oil and

gas, all that certain piece or parcel of land situated in Monroe township, Grant county, State of Indiana, bounded and described as follows, to wit: Northeast quarter of section fourteen, town twenty-four, range nine, containing 160 acres more or less. The party of the second part to have and hold the said premises for the above purpose only, for and during the term of five years from the date hereof, or as long as oil or gas shall be found in paying quantities. The party of the second part agrees to give the party of the first part the full and equal one-eighth part of all the petroleum obtained and saved from the said premises, free of cost to first party, and the one-eighth of all cash received for oil sold from premises. The party of the first part is fully to use and enjoy said premises for farming purposes, except such parts as are actually necessary for said drilling and producing purposes, and a right of way over and across said premises to the place or places of drilling and producing. The party of the second part to have the privilege of using sufficient water from the premises for the prosecution of said operations, but must not interfere with the water wells now on the premises. The party of the second part may at any time remove all machinery, fixtures and property placed upon said lands by second party. Should gas be found on said premises in greater quantities than is required for use on the premises, the second party agrees to pay the first party the sum of $100 each year in advance for every well from which the gas is used off the premises. The party of the second part further agrees to commence operations within six months from the date hereof, or, in lieu thereof, to pay the first party $80 per annum. First party shall be entitled to enough gas free of cost to heat three stoves in residence where he now resides. Second party shall furnish 200 feet of pipe and lay the same to dwelling, and shall connect two stoves with said pipe, and shall furnish regulator for same. First party shall use said gas at his own risk. When one well is completed on above prem-

ises, it shall stop the rental as above provided on 100 acres only. It is hereby mutually understood that this agreement shall extend to the heirs and assigns of both parties. A failure to comply with the above terms shall render it null and void."

This instrument was properly signed, acknowledged and recorded. Whatever rights the lessee Spellacy acquired under it became the property of the appellant by written assignment and transfer. Appellant never took possession of the land under the lease for any purpose. It was optional with appellant whether a well should be drilled, and the consideration going to the landlord for a failure to drill was fixed at so much per year. No well having been drilled and possession not having been taken, the contract was ineffective after five years. The only way it could have been made effective for a longer time than the term therein expressed, without a new or additional contract, arises under that part of the contract which gave the appellant the right to drill gas or oil-wells, and thus prolong the lease "as long as oil or gas shall be found in paying quantities."

This court has held in *Diamond Plate Glass Co.* v. *Curless* (1899), 22 Ind. App. 346, and *Diamond Plate Glass Co.* v. *Echelbarger* (1900), 24 Ind. App. 124, that, under facts such as are presented by appellant's answer, the relation of landlord and tenant never existed between appellant and appellee, and that at the end of any year either party could terminate any rights granted or received under the instrument; the one by refusal to accept, and the other by refusing to pay the stipulated sum. Under the cases cited appellant's answer is insufficient.

Judgment affirmed.

## ON PETITION FOR REHEARING.

PER CURIAM.—Without regard to the two cases cited in the original opinion herein, or to the doctrine said in the original opinion to be supported by those cases, we think a

correct conclusion was reached in the case at bar for other reasons shown in the opinion announced on the original hearing.

Petition overruled.