## SNOWHILL v. DIAMOND PLATE GLASS COMPANY
### ET AL.

[No. 5,473.    Filed March 28, 1906.    Rehearing denied June 5, 1906.    Transfer denied December 18, 1906.]

1. APPEAL.—*Trial.—Judgment.—Law of the Case.*—The prior decision, on appeal, is the law of the case, on the same or substantially the same facts, during all subsequent stages thereof. p. 241.

2. JUDGMENT.—*Law of the Case.—Issues.—Gas Leases.—Construction.*—A decision on appeal construing the duration of a lease and the rights of the parties to determine such lease, is *res judicata* as to the subsequent construction of such lease in actions between the same parties, though the lessor afterwards obtained a judgment for the recovery of one year's rent thereunder, which judgment defendant paid, where neither the question of the duration of the lease nor the rights of the parties to determine same were in issue.    p. 241.

3. SAME.—*Law of the Case.—Prior and Subsequent Judgments.—Mortgages.—Priority.*—Where a decision of the Supreme Court, in reversing the decree of the trial court, holds that a chattel mortgage taken on machinery where manufactured is superior to a real estate mortgage covering the mill in which such machinery is placed, an existing decree, in a suit between the same parties, involving the same issues and subsequent to the decree from which such appeal was taken, is *res judicata* as to the priority of such mortgages in the subsequent stages of such suit after reversal.    p. 242.

4. SAME.—*Res Judicata.—Leases.—Rentals.*—A judgment, in an action for one year's rent under a lease, that such lease is valid or invalid, is *res judicata* as to the validity of such lease in subsequent actions for rentals thereunder.    p. 244.

5. SAME. — *Res Judicata. — Estoppel. — Leases. — From Year to Year.*—A judgment merely for one year's rent under a lease, determinable at the lessee's election at the end of any year, is not *res judicata* as to the subsequent duration of such lease, nor does such judgment estop the lessee from determining such lease at the end of any subsequent year.    p. 244.

From Grant Superior Court; *B. F. Harness,* Judge.

Action by John Snowhill against the Diamond Plate Glass Company and others.    From a judgment for defendants, plaintiff appeals.    *Affirmed.*

Snowhill *v.* Diamond Plate Glass Co.—39 Ind. App. 240.

*B. C. Moon,* for appellant.

*Blacklidge, Shirley & Wolf* and *Bell & Purdum,* for appellees.

ROBINSON, J.—Suit by appellant upon a natural gas lease to recover acreage rental. The rent sought to be recovered is for the years 1896, 1899, and 1900. The case is here on the second appeal. *Diamond Plate Glass Co.* v. *Snowhill* (1900), 24 Ind. App. 700. That appeal was decided upon the authority of *Diamond Plate Glass Co.* v. *Curless* (1899), 22 Ind. App. 346, and *Diamond Plate Glass Co.* v. *Echelbarger* (1900), 24 Ind. App. 124. There was a special finding of facts, and the appeal is governed by the case of *Hancock* v. *Diamond Plate Glass Co.* (1906), 37 Ind. App. 351, unless the following facts, additional to those set out in that opinion, except the case from the rule there declared. The rent for the year 1897, being due and unpaid, appellant began an action before a justice of the peace, to collect the same, against appellee and the Pittsburg Plate Glass Company. In appellant's complaint in that action he averred ownership of the land, the execution of the lease, that no well had been drilled, that the rent due on January 1, 1897, was due and unpaid, the assignment of the lease, and asking a judgment for the rent for that year. Appellees appeared to that action by attorneys, and upon a trial the justice of the peace made a finding and rendered a judgment in the sum of $45 in favor of the plaintiff, from which judgment the defendants appealed to the Howard Circuit Court, from which court the cause was transferred to the Howard Superior Court, and in that court the case was defended by the Logansport & Wabash Valley Gas Company in the name of the defendants of record in that suit. The cause was duly tried in that court, and a finding made and judgment rendered in favor of the plaintiff for the sum of $45.95 and costs, which judgment, with

costs, was shortly thereafter paid by the Logansport & Wabash Valley Gas Company. Thereafter the rent of $45 due appellant upon January 1, 1898, was paid to appellant about the time the same became due. It is argued that the judgment for the rental for the year 1897, which judgment was paid, was an adjudication of the rights of the parties under the contract, and as against this adjudication the rule of the law of the case as announced on the former appeal is not applicable. Furthermore, that the payment of the rental for the year 1898 was an acknowledgment of liability under the contract subsequent to the action for the rental for 1896, which was in controversy on the former appeal. Upon the former appeal it was held, upon the authority of *Diamond Plate Glass Co.* v. *Curless, supra,* and *Diamond Plate Glass Co.* v. *Echelbarger, supra,* that the contract itself did not fix its duration, and until the lessee took possession under the contract it was simply an agreement to pay an annual sum for the right to go upon the land at any time within the year and prospect for gas, and that at the end of any year either party could terminate the agreement; and that if possession was taken a tenancy was created, and at the end of any year the tenant could terminate the tenancy by abandoning the premises. That is, that the privilege to go upon the land, or the tenancy, was from year to year, and might be terminated at the end of any year.

In *Eckert* v. *Binkley* (1893), 134 Ind. 614, cited by counsel, one Kemper, on March 7, 1883, executed to Eckert Brothers a purchase-money mortgage on land for a 3. mill. Prior thereto, March 5, 1883, while certain machinery Kemper had ordered for the mill was still in the shop of the makers, he executed a chattel mortgage upon it to secure the purchase price. The manufacturers of the machinery assigned the chattel mortgage to appellee, Binkley, who sued Kemper, Eckert Brothers, and others. In that suit Eckert Brothers answered, claiming a

lien on the machinery by virtue of their mortgage on the land, that they had brought suit thereon in which they had asserted that the machinery was attached to and was a part of the land.   Appellee, Binkley, replied alleging the personal character of the machinery and asking that the lien of his chattel mortgage be found a first lien.   From a judgment in favor of Eckert Brothers, Binkley appealed and secured a reversal (*Binkley* v. *Forkner* [1889], 117 Ind. 176, 3 L. R. A. 33), the court holding that the machinery was personal property and subject to the lien of the chattel mortgage.   Eckert Brothers then filed an additional answer, pleading an estoppel by judgment.   This answer alleged, among other things, that Binkley brought suit to foreclose his mortgage February 4, 1884; that on March 11, 1884, Eckert Brothers sued to foreclose their mortgage on the land; that Binkley appeared and pleaded to that action, and put in issue the priority of his lien, and also whether the machinery was real or personal property as between the parties.   Upon a trial the court found that the machinery was a part of the real estate, and decreed the foreclosure of the real estate mortgage as a lien prior to Binkley's mortgage; that that judgment was still in force; and that under the decree the land, including the machinery, was sold.   In the trial court a demurrer to this answer was sustained, and on appeal this was held error. Whether the decision on the former appeal was the law of the case, the court said:  "When the case before us was returned to the superior court, a new state of facts was alleged in the answer then filed, and which the court rightly refused to strike out, namely, that since the former trial and judgment, which had been reversed in this court, an adjudication of the same matters between the same parties was had by a court having jurisdiction of both the matters and the parties, to wit, the Gibson Circuit Court, the questions in that court being the same and the parties the same as in this case.   It also appeared from the answer that the

judgment of the Gibson Circuit Court remained in full force and effect, and was never appealed from. This presented an entirely new state of facts. Whether the judgment of the Gibson Circuit Court was correct or not could no longer be considered. That has been waived by the failure of the appellee for more than one year to appeal from the judgment, although he had prayed for an appeal in that court, and had been granted one. On this changed state of facts the former decision of this court, however correct, is no longer the law of this case. The court 'should apply the law applicable to the new and changed state of facts.' "

4.    The cases cited and relied upon by counsel for appellant go to the point that if a lease is executed for a fixed time, with the rent payable in instalments at certain periods, in a suit for an instalment of rent due under the lease, an adjudication that the lease is valid, or is invalid, is conclusive in another action under the lease for a subsequent instalment of rent. *Louisville, etc., R. Co.* v. *Carson* (1897), 169 Ill. 247, 48 N. E. 402; *Marshall* v. *John Grosse, etc., Co.* (1900), 184 Ill. 421, 56 N. E. 807, 75 Am. St. 181; *Oregonian R. Co.* v. *Oregon R., etc., Co.* (1886), 27 Fed. 277; *Dolan* v. *Scott,* (1901), 25 Wash. 214, 65 Pac. 190; *Racke* v. *Anheuser-Busch Brew. Assn.* (1897), 17 Tex. Civ. App. 167, 42 S. W. 774; *Phipps* v. *Oprandy* (1902), 74 N. Y. Supp. 985; *Hawkins* v. *George Ringer & Co.* (1900), 62 N. Y. Supp. 56; *Zerega* v. *Will* (1898), 54 N. Y. Supp. 361.

5.    In the case at bar, however, there was not, in the action for the rent for 1897, an attempt to collect an instalment of rent under a lease continuing for a certain period, but to collect the yearly rental under a contract running from year to year, and in that action there was not necessarily any adjudication of the validity of the lease for any period beyond that year. If the contract ran from year to year and the lessee had the right to terminate the lease at the end of any year—and upon

the former appeal it was so held—the fact that he paid the rent for any year could not affect his right to exercise his option to terminate the lease at the beginning of the following year. The lessee's admission, by paying the judgment for the rent for 1897 and paying the rent for 1898, did not estop him from asserting that the lease did not continue in force during the years 1899 and 1900. In paying the rent for 1897 and 1898 he did not pay instalments of a total rental which he had agreed to pay. The judgment for the rent for 1897 may have rested upon the theory that the lessee could not elect to terminate the lease at the end of a year, or it may have rested upon the theory that the lessee could not elect to termi- the lease at the end of a year, he had not exercised his election for that particular year. See *Dygert v. Dygert* (1892), 4 Ind. App. 276, 280; *Russell v. Place* (1877), 94 U. S. 606, 24 L. Ed. 214; *Franke v. Franke* (1896), 15 Ind. App. 529. The contract did not fix its duration, but it was continuing in its nature and the conditions were to be performed at stated periods. The fact that the parties recognized it as a valid contract for a certain year, running as it did from year to year, could have nothing to do with its enforcement for a subsequent year, for the reason that the lease itself does not provide that it shall continue for such subsequent year, but its continuance for such year, as stated on the former appeal, must be determined by the parties prior to or at the time such year begins. This feature of the case does not take it out of the rule declared in *Hancock v. Diamond Plate Glass Co.* (1906), 37 Ind. App. 351.

Judgment affirmed.